UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUDY BROWNE,

                Plaintiff,

v.

CHRYSLER CAPITAL LLC, et al.,

                Defendants.

Case no: 1:17-cv-05744-DLI-RML

## STIPULATED CONFIDENTIALITY ORDER

Plaintiff, Judy Brown, and Defendants, Chrysler Capital LLC, Synchrony Bank, Trans Union LLC, and Equifax Information Services LLC,  (together, the "Parties," or each, a "Party") make this agreement (the "Agreement") to facilitate the production, exchange, and discovery of documents and information (including, without limitation, testimony) that merit confidential treatment and agree as follows:

1. During discovery in the above-captioned action (the "Action"), any Party or person producing documents, testimony, or any other information may designate any documents deposition testimony, interrogatory responses, and other information produced or made available by a Party in disclosure in this Action, whether pursuant to Court order or formal or informal request ("Disclosure Material"), as "confidential" by typing or stamping on the front of the document or on the portion(s) of the document for which confidential treatment is designated, the marking "Confidential" or "Highly Confidential – Attorney's Eyes Only." Confidential information shall consist of Disclosure Material that contains or references any proprietary business information, competitively sensitive information, or trade secrets and any other nonpublic information that, in the good faith judgment of the Party making the designation,

would be detrimental if disclosed ("Confidential Information"). The "Highly Confidential – Attorney's Eyes Only" marking shall be reserved for such information that, in the good faith judgment of the Party making the designation, would be highly detrimental if disclosed to a business competitor ("Highly Confidential Information"). The failure to initially designate any Disclosure Material as Confidential Information or Highly Confidential Information shall not affect the ability of a Party to later designate the material as Confidential Information or Highly Confidential Information.

2. All protections and procedures applicable under this Agreement apply to the Confidential Information or Highly Confidential Information, except those that are applicable only to one or the other.

3. Confidential Information shall not be delivered, disclosed, or disseminated except to a "Qualified Person," defined as follows: (a) the Parties' outside counsel in this Action, including their attorneys and any employees or independent contractors assisting counsel in this Action; (b) a Party, including, in the case of corporate Parties, their directors and officers, and employees who are involved in and designated to assist counsel in this Action; (c) experts, including non-testifying experts, who are assisting counsel in the preparation of this Action and who are not employees of a Party, including their assistants and stenographical, secretarial, or clerical personnel; (d) any person as to whom the designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto; (e) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information, and counsel for the witness, if any; (f) non-technical jury or trial consulting services retained by counsel; (g) document imaging and database services personnel retained by counsel and consultants retained by counsel to set-up, maintain, or operate computer systems or litigation

2

databases or to convert data for inclusion in such databases; (h) videographers, court reporters, or typist recording or transcribing any testimony or deposition; (i) Court personnel; and (j) as to any specific document containing Confidential Information, any person who is identified on the face of the document as an author, addressee, or recipient of the document.

4.    Persons identified in Paragraphs 3(c)-(g), inclusive, who receive Confidential Information, shall be provided by the disclosing Party a copy of this Agreement and shall execute a declaration, in substantially the form annexed hereto as Exhibit A, prior to receipt of any Confidential Information, affirming that they have reviewed such Agreement and agreeing to be bound by it. The original of each declaration shall be retained, until the conclusion of this Action, including all appeals, by counsel for each Party who intends to or does disclose to such persons any Confidential Information.

5. Highly Confidential Information marked "Highly Confidential – Attorney's Eyes Only" shall not be delivered, disclosed, or disseminated except to a "Highly Qualified Person," defined as follows: (a) the Parties' outside counsel in this Action, including their attorneys and any employees of outside counsel or independent contractors assisting outside counsel in this Action; (b) experts, including non-testifying experts, who are assisting outside counsel in the preparation of this Action and who are not employees of a Party, including their assistants and stenographical, secretarial, or clerical personnel; (c) any person as to whom the designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto; (d) fact witnesses subject to a proffer to the Court or a stipulation of the Parties that such witnesses need to know such information, and counsel for the witness, if any; (e) non-technical jury or trial consulting services retained by outside counsel; (f) document imaging and database services personnel retained by counsel and consultants retained by counsel to set-up, maintain, or operate computer systems or

litigation databases or to convert data for inclusion in such databases; (g) videographers, court reporters, or typist recording or transcribing any testimony or deposition; (h) Court personnel; and (i) as to any specific document containing Highly Confidential Information, any person who is identified on the face of the document as an author, addressee, or recipient of the document.

6. Persons identified in Paragraphs 5(b)-(e), inclusive, who receive Highly Confidential Information, shall be provided by the disclosing Party a copy of this Agreement and shall execute a declaration, in substantially the form annexed hereto as Exhibit A, prior to receipt of any Highly Confidential Information, affirming that they have reviewed such Agreement and agreeing to be bound by it. A copy of such declaration shall be provided to counsel for the designating Party within five (5) business days of execution. The original of each declaration shall be retained, until the conclusion of this Action, including all appeals, by counsel for each Party who intends to or does disclose to such persons any Highly Confidential Information.

7. All Disclosure Material and all transcripts of testimony and copies of court-filed papers consisting of or containing Confidential Information or Highly Confidential Information and notes or other records regarding the contents thereof shall be kept at all times only in the custody of counsel of record for the Party, except when actually being used by other Qualified Persons or Highly Qualified Persons in connection with this Action.

8. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Highly Confidential – Attorney's Eyes Only" and thereby obtain the protections accorded other Confidential Information. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Parties within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 14-day period following receipt of the transcript. The

deposition of any witness (or any portion of such deposition) that encompasses Confidential Information or Highly Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any Party shall have the right to challenge the designation of any Disclosure Materials as Confidential Information or Highly Confidential Information. The challenging Party shall confer with the designating Party in good faith, in person or by telephone, to attempt an amicable resolution of the dispute.  If the dispute is not affirmatively resolved, the challenging Party then may bring the issue to the attention of the Court pursuant to the Individual Rules and Procedures of United States Magistrate Judge Robert M. Levy. The burden of proving that information is properly designated pursuant to this Order shall be on the designating Party.  Until there is a determination by the Court, the information at issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Agreement.  Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating Party that the material constitutes or contains a trade secret or other confidential information.

10. Any non-party who is producing or has produced documents during the course of this Action shall be afforded an opportunity to sign this Agreement, which will enable the nonparty to designate Disclosure Material as Confidential Information or Highly Confidential Information. Any non-party who elects to sign this Agreement shall be bound by its terms and conditions.

11. No persons, including Qualified Persons or Highly Qualified Persons, shall deliver, disclose, disseminate, or otherwise use Confidential Information or Highly Confidential Information in any manner outside of this Action without the consent of the designating Party, except as expressly provided herein.

12. Nothing contained herein shall operate to prevent a Party from disclosing its own Confidential Information or Highly Confidential Information as it deems appropriate, or shall preclude any other Party from disclosing or using information contained in Confidential Information or Highly Confidential Information if, and to the extent, it is obtained from another, non-confidential source.

13. Upon final termination of this Action, the receiving Parties shall within sixty (60) calendar days return or destroy all copies of all Disclosure Materials containing Confidential Information or Highly Confidential Information, including all copies of those materials that were so designated, and provide written confirmation to the other Party that such destruction has taken place. Each Party's counsel may retain one (1) copy of any court-filed paper that annexes or attaches Confidential Information or Highly Confidential Information, but otherwise, shall either destroy all Disclosure Materials containing or referencing Confidential Information or Highly Confidential Information or return such Disclosure Materials to the producing Party. Counsel for the Parties shall ensure that their clients, witnesses, advisors, and consultants have complied with this provision.

14. The provisions of this Agreement shall survive the conclusion of this Action. Nothing contained herein shall constitute a waiver of the right to assert any objection to a demand for disclosure. Nor shall anything contained herein prevent disclosure beyond the terms of this Agreement if the producing Party consents in writing to such disclosure. Nor shall anything contained herein limit or prejudice the right of any Party, after reasonable attempts to resolve the dispute informally and thereafter, on three (3) business days prior written notice, to seek a court order broadening or restricting the rights of access to or use of Confidential Information or Highly Confidential Information, or for other modifications of this Agreement.

15. Any person receiving Confidential Information or Highly Confidential Information covered by this Agreement that receives a subpoena or becomes subject to an order for production or disclosure of Confidential Information or Highly Confidential Information shall, within three (3) business days of receipt thereof and/or sufficiently in advance to allow the source to assert their rights, give written notice by regular and electronic mail to the source of the Confidential Information or Highly Confidential Information identifying the information sought and attaching a copy of the order, subpoena, or other legally-mandated request. The person subject to the order, subpoena, or other legally-mandated request shall not produce or disclose the requested Confidential Information or Highly Confidential Information without the consent of the source of the Confidential Information or Highly Confidential Information, unless ordered to do so by a court of competent jurisdiction in response to the source's timely application to that court for relief from the order, subpoena, or other legally-mandated request.

16. If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon being advised by the producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving Party shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the producing Party bearing the reasonable costs of such locating and return or destruction, including any reasonable database modification costs) and any such document shall not thereafter, in any event, be used for any purpose, unless adjudicated not to be privileged. Nothing in this Paragraph shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

17. Any paper submitted to the Court that contains or references Confidential Information or Highly Confidential Information shall, to the extent permitted by applicable court procedures, be filed under seal, with a redacted version not disclosing Confidential Information or Highly Confidential Information to be filed publicly. Nothing contained herein shall preclude or restrict the offering of any Confidential Information or Highly Confidential Information as evidence at any trial or hearing of this Action, but any Party intending to refer to or introduce Confidential Information or Highly Confidential Information at any hearing or trial shall make that fact known to the Party designating the Confidential Information or Highly Confidential Information in advance, so that application can be made for appropriate relief, if the designating Party considers that appropriate.

18. Any Party may apply to the Court for a modification of this Agreement, and nothing in this Agreement shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. This Agreement may be executed in counterparts.

SO ORDERED THIS __the day of  January, 2018.

_____

Robert M. Levy
United States Magistrate Judge

Dated: January 8, 2018.

_____
Adam G. Singer, Esq.
Law Office of Adam G. Singer
254 S Main Street
Suite 516
New City, NY 10956
Phone: (212) 842-2428
Fax: (212) 658-9682
Email: asinger@adamsingerlaw.com
*Counsel for Plaintiff Judy Browne*

_____
Nana Japaridze, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 549-0282
Fax: (212) 521-5450
Email: njaparidze@reedsmith.com
*Counsel for Defendant Synchrony Bank*

_____
Jennifer Neuner. Esq.
McGuire Woods LLP
1345 Avenue Of The Americas
7th Floor
New York, NY 10105
Phone: (212) 548-7027
Fax: (212) 715-6268
Email: jneuner@mcguirewoods.com
*Counsel for Defendant Chrysler Capital
LLC*

_____

Camille Renee Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Phone: (317) 363-2400
Fax: (317) 363-2257
Email: ecnicodemus@schuckitlaw.com
*Counsel for Defendant Trans Union LLC*

_____

Steven M. Richman, Esq.
Clark Hill PLC
43 West 43rd Street, Suite 54
New York, NY 10036-7424
Phone: (212) 709-8084

210 Carnegie Center
Suite 102
Princeton, NJ 08540
Phone: (609) 785-2911
Fax: (609) 785-2971
Email: srichman@clarkhill.com
*Counsel for Defendant Equifax Information
Services LLC*

Dated: January 8, 2018.

_____

Adam G. Singer, Esq.
Law Office of Adam G. Singer
254 S Main Street
Suite 516
New City, NY 10956
Phone: (212) 842-2428
Fax: (212) 658-9682
Email: asinger@adamsingerlaw.com
*Counsel for Plaintiff Judy Browne*

_____

Nana Japaridze, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 549-0282
Fax: (212) 521-5450
Email: njaparidze@reedsmith.com
*Counsel for Defendant Synchrony Bank*

_____

Jennifer Neuner. Esq.
McGuire Woods LLP
1345 Avenue Of The Americas
7th Floor
New York, NY 10105
Phone: (212) 548-7027
Fax: (212) 715-6268
Email: jneuner@mcguirewoods.com
*Counsel for Defendant Chrysler Capital LLC*

9

Dated: January 8, 2018.

_____
Adam G. Singer, Esq.
Law Office of Adam G. Singer
254 S Main Street
Suite 516
New City, NY 10956
Phone: (212) 842-2428
Fax: (212) 658-9682
Email: asinger@adamsingerlaw.com
*Counsel for Plaintiff Judy Browne*


_____
Nana Japaridze, Esq.
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 549-0282
Fax: (212) 521-5450
Email: njaparidze@reedsmith.com
*Counsel for Defendant Synchrony Bank*


_____
Jennifer Neuner. Esq.
McGuire Woods LLP
1345 Avenue Of The Americas
7th Floor
New York, NY 10105
Phone: (212) 548-7027
Fax: (212) 715-6268
Email: jneuner@mcguirewoods.com
*Counsel for Defendant Chrysler Capital LLC*

9

Camille Renee Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Phone: (317) 363-2400
Fax: (317) 363-2257
Email: ecnicodemus@schuckitlaw.com
*Counsel for Defendant Trans Union LLC*


Steven M. Richman, Esq.
Clark Hill PLC
43 West 43rd Street, Suite 54
New York, NY 10036-7424
Phone: (212) 709-8084

210 Carnegie Center
Suite 102
Princeton, NJ 08540
Phone: (609) 785-2911
Fax: (609) 785-2971
Email: srichman@clarkhill.com
*Counsel for Defendant Equifax Information Services LLC*

10

Camille Renee Nicodemus, Esq.
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Phone: (317) 363-2400
Fax: (317) 363-2257
Email: ecnicodemus@schuckitlaw.com
*Counsel for Defendant Trans Union LLC*

Steven M. Richman, Esq.
Clark Hill PLC
43 West 43rd Street, Suite 54
New York, NY 10036-7424
Phone: (212) 709-8084

210 Carnegie Center
Suite 102
Princeton, NJ 08540
Phone: (609) 785-2911
Fax: (609) 785-2971
Email: srichman@clarkhill.com
*Counsel for Defendant Equifax Information Services LLC*

10

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

JUDY BROWNE,

              Plaintiff,

v.

CHRYSLER CAPITAL LLC, et al.,

              Defendants.

_____

Case no: 1:17-cv-05744-DLI-CLP

**DECLARATION**

I, _____, state that:

1.      My address _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

_____.

4.      I received a copy of the Confidentiality Agreement on _____

from _____, counsel for _____.

5.      I have carefully read and understand the provisions of the Agreement.

6.      I will comply with all of the provisions of the Agreement.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Agreement, and will use only for purposes of this the above-captioned Action any Confidential Information or Highly Confidential Information that is disclosed to me.

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed

12

or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Agreement in the above-captioned Action.

Dated: _____                              _____